IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 25-1036-JWL |
| ) | |
| UNO MAS LLC, ) | |
|   d/b/a CABRON Y VAGOS; and ) | |
| ABEL CRUZ RODRIGUEZ, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff's motion for a default judgment against defendants (Doc. # 11). For the reasons set forth below, the Court **grants** the motion, and judgment shall be entered in favor of plaintiff against defendants jointly and severally in the total amount of $26,118.60.

### I. Background

Plaintiff filed the instant suit on February 28, 2025, against defendant Uno Mas LLC ("Uno Mas"), which is alleged to have owned and operated a restaurant named Cabron Y Vagos in Wichita, Kansas,; and against individual defendant Abel Cruz Rodriguez, the alleged owner of Uno Mas. Plaintiff asserts claims for damages under Sections 553 and 605 of the Federal Communications Act ("the Act"), 47 U.S.C. §§ 553, 605. Plaintiff

alleges that it held the exclusive right to license pay-per-view broadcasts of a certain boxing program occurring on September 30, 2023. Plaintiff's claims stem from its allegation that defendants showed that broadcast at their restaurant without obtaining the necessary license from plaintiff and paying the requisite fee.

Defendants failed to file any answer to the complaint or otherwise to appear in this suit, and on July 11, 2025, the Clerk entered defendants' default pursuant to Fed. R. Civ. P. 55(a). On July 21, 2025, plaintiff moved for a default judgment against defendants pursuant to Fed. R. Civ. P. 55(b)(2). Defendants have not responded to the motion.

**II.    Liability**

Based on the failure of defendants to appear in this action or to contest the instant motion, plaintiff's deemed-admitted allegations, and the evidence submitted by plaintiff in support of the motion, the Court concludes that it is appropriate to issue a default judgment in favor of plaintiff as requested.

Sections 553 and 605 of Act prohibit the unauthorized interception of communications over cable systems and satellite transmissions respectively. *See* 47 U.S.C. §§ 553, 605; *Joe Hand Promotions, Inc. v. Clark*, 2016 WL 3124854, at *1 (D. Kan. June 3, 2016) (citing *Joe Hand Promotions, Inc. v. Tribelhorne*, 2011 WL 2848288, at *1 (D. Kan. July 15, 2011)). As courts in this district have held in similar cases, plaintiff cannot recover under both sections and therefore must elect to recover damages only under one section. *See Joe Hand Promotions, Inc. v. Polo Bar & Grill, Inc.*, 2022 WL 873421, at *1 (D. Kan. Mar. 24, 2022) (citing *Tribelhorne*, 2011 WL 2848288, at *1); *Tribelhorne*, 2011

WL 2848288, at *1 (collecting cases). Plaintiff has elected in this case to recover damages under Section 605.

The Court concludes that plaintiff has established defendants' liability under Section 605. Because defendants failed to file an answer denying plaintiff's factual allegations in the complaint, those allegations are deemed admitted. *See Burlington N. R.R. Co. v. Huddleston*, 94 F.3d 1413, 1415 (10th Cir. 1996); *see also Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016) (after default, a defendant forfeits its right to contest pleaded facts). Thus, defendants have admitted the following facts (which are also supported by evidence submitted by plaintiff in support of the motion): Defendant Uno Mas conducted business as and operated the restaurant known as Cabron Y Vagos, and defendant Rodriguez owned Uno Mas and operated the restaurant. The program at issue was transmitted over satellite by coded signals. Defendants were permitted to show the program only by obtaining a license from and paying a fee to plaintiff, who had obtained that licensing right from the originators of the program. Defendants did not obtain the necessary license or pay a fee to plaintiff for the program. Nevertheless, defendants intentionally obtained the broadcast signal and showed the program at their restaurant. Defendants so acted for the purpose of commercial advantage or financial gain. The Court concludes that such facts are sufficient to establish defendants' violation of Section 605.

### III. <u>Damages</u>

#### A. <u>Statutory Damages</u>

Although Rule 55(b)(2) provides that a court may conduct a hearing if necessary to determine damages as part of a default judgment, "a hearing is unnecessary when the movant submits detailed affidavits and exhibits that furnish a sufficient uncontested record from which to determine statutory damages and costs with reasonable certainty." *See Hermeris, Inc. v. McBrien*, 2012 WL 1091581, at *2 (D. Kan. Mar. 30, 2012) (citations and internal quotations omitted); *see also Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1172 (10th Cir. 2011) (Rule 55 does not require a hearing or even evidence before a default judgment is entered; hearing is not required if the amount claimed is one capable of mathematical calculation). The Court concludes that no hearing is necessary in this case, as plaintiff has submitted with its motion sufficient evidence from which the Court may determine statutory damages with reasonable certainty.

Section 605 allows a party aggrieved by a violation to bring a civil action. *See* 47 U.S.C. § 605(e)(3). A plaintiff may recover either actual damages resulting from the violation or "an award of statutory damages for each violation . . . in a sum not less than $1,000 or more than $10,000, as the court considers just." *See id.* § 605(e)(3)(C)(i). Plaintiff seeks an award of statutory damages for defendants' violation.

Courts have applied various methods to calculate statutory damages under Section 605, including awarding a flat sum; awarding the amount the defendant would have paid to purchase the broadcast; and multiplying the number of patrons at the establishment by some figure set by the court. *See Polo Bar & Grill*, 2022 WL 873421, at *1 (citing

4

*Tribelhorne*, 2011 WL 2848288, at *2). Plaintiff seeks an award calculated under the third method. Plaintiff has submitted evidence that 70 patrons were present for the airing of the broadcast at the restaurant and that it would have cost $84.99 for any person to have watched the pay-per-view broadcast at home; and plaintiff therefore seeks $5,949.30 (70 x $84.99) in statutory damages. *See Tribelhorne*, 2011 WL 2848288, at *2 (figure used by many courts under the third method "appears to roughly approximate the amount that patrons would have paid for the event if they had purchased it individually at their homes"). The Court agrees that an award of that amount is supported by plaintiff's evidence and is appropriate in this case, in light of the tangible and intangible harm suffered by plaintiff as a result of the violation. *See id.* (applying such a method to award statutory damages under Section 605); *cf. Polo Bar & Grill*, 2022 WL 873421, at *1 (awarding only the minimum amount of statutory damages because the plaintiff failed to submit any evidence concerning the fee the defendant would have had to pay or the number of patrons who viewed the program).[1] Accordingly, the Court awards statutory damages to plaintiff under Section 605(e)(3)(C)(i)(II) in the amount of $5,949.30.

### B.   *Enhanced Statutory Damages*

Section 605 also provides for enhanced statutory damages as follows:

> In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of

---

[1] It appears from plaintiff's evidence that defendants would have had to pay a licensing fee of at least $4,550, based on the restaurant's capacity, to obtain the license to broadcast the program at the restaurant. Thus, applying the third method does not result in an award much higher than one calculated using the second method.

5

>damages, whether actual or statutory, by an amount of not more than $100,000 for each violation . . . .

*See* 47 U.S.C. § 605(e)(3)(C)(ii).  Defendants are deemed to have admitted plaintiff's allegations that defendants acted willfully and for commercial advantage or financial gain. Moreover, the evidence submitted by plaintiff establishes that defendants would have had to use some means to unscramble the coded broadcast; and that the acquisition of the signal was intentional, as the restaurant advertised its broadcast of the fight beforehand and collected a cover charge from patrons that night.  Accordingly, the Court concludes that enhanced damages may be awarded in this case.

In determining the amount of enhanced damages under Section 605, courts have considered the following factors:

>(1) repeated violations over an extended period of time; (2) substantial unlawful monetary gains; (3) advertising of the broadcast; (4) charging of a cover charge or premiums for food and drinks; or (5) plaintiff's significant actual damages.

*See Tribelhorne*, 2011 WL 2848288, at *2 (citations omitted), *quoted in Polo Bar & Grill*, 2022 WL 873421, at *2.  "Some [courts] have multiplied the statutory award by three." *See id.*

After considering all relevant factors, the Court agrees with plaintiff that an enhanced award in the amount of three times the award of statutory damages is appropriate here.  *See Tribelhorne*, 2011 WL 2848288, at *2-3 (awarding enhanced damages of three times the statutory damages).  As noted above, defendants' restaurant advertised the pirated broadcast and collected a cover charge, and thus defendants likely profited from the violation beyond not having to pay the license fee.  Moreover, plaintiff has suffered

intangible harm in its loss of goodwill, and the award should be substantial enough to serve as an adequate deterrent to future violations. *See id.* Accordingly, the Court awards enhanced statutory damages to plaintiff under 47 U.S.C. § 605(e)(3)(C)(ii) in the amount of $17,847.90.

### C. *Costs and Attorney Fees*

Section 605 provides that in a civil action based on a violation a court "shall direct the recovery of full costs, including reasonable attorneys' fees to an aggrieved party who prevails." *See* 47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff as the prevailing party seeks $1,500 in attorney fees and $821.40 in other costs. The Court finds those amounts to be reasonable. Accordingly, the Court awards costs and fees to plaintiff under 47 U.S.C. § 605(e)(3)(B)(iii) in the amount of $2,321.40.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion for a default judgment (Doc. # 11) is hereby **granted**, and judgment shall be entered in favor of plaintiff against defendants jointly and severally in the total amount of $26,118.60.

IT IS SO ORDERED.

Dated this 18th day of August, 2025, in Kansas City, Kansas.

        /s/   John W. Lungstrum
        Hon. John W. Lungstrum
        United States District Judge